■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MORGAN, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered February 5, 1987, upon a verdict convicting defendant of the crimes of assault in the second degree and promoting prison contraband in the first degree.

Defendant's conviction stems from the stabbing of Gene Edwards on June 24, 1986 at Great Meadow Correctional Facility in Washington County where the two men were inmates. The primary evidence implicating defendant was Edwards' identification of defendant as his attacker and defendant's admission to a correction officer that he had committed the assault. On appeal defendant asserts, *inter alia,* that he was denied effective assistance of counsel. At the core of this complaint is the decision by his counsel not to request a *Huntley* hearing to challenge the voluntariness of defendant's confession.

The correction officer who investigated the stabbing testified that Edwards told him that defendant was his assailant, but that when he subsequently interrogated defendant regarding the incident, the latter denied stabbing Edwards. After being removed from his own cell and spending approximately 24 hours in a "sterile cell"—a cell used to observe psychotic patients and those needing special medical attention or requiring protective custody—defendant, while in the course of a conversation with the correction officer charged with overseeing these cells, confessed. At trial, the correction officer who had received the admission portrayed the statement as a spontaneous utterance, but that officer's report of the confession, which states, in part, "I asked [defendant] if he did it [defendant] replied, 'Yes' ", casts considerable doubt on that characterization. Moreover, this inconsistency was not pursued on cross-examination, leaving unexplored the critical issue of whether the confession—obviously a most substantial basis for warranting a finding that defendant was guilty—was volunteered or uttered in response to a direct question as to defendant's guilt or innocence put to him by the correction officer.

A second confession allegedly made by defendant came into evidence when another correction officer testified that an inmate/porter, who, like defendant, did not testify at trial, told him that defendant admitted stabbing Edwards and wanted to be moved to a different cell block, away from "rapos, snitches". The prejudicial impact of this hearsay is apparent, yet no objection was raised.

Also unfairly damaging and unobjected to was testimony elicited on the People's case-in-chief regarding defendant's prior conviction for second degree murder. Although this testimony was introduced to satisfy an element of second degree assault, viz., assault while confined pursuant to a criminal charge or conviction *(see,* Penal Law § 120.05 [7]),

identifying the particular crime for which defendant was confined was obviously unnecessary and in this case manifestly inflammatory.

Our examination of the record leads us to conclude that this is not an instance where defense trial strategy went awry (cf., People v Baldi, 54 NY2d 137, 146), but one where the representation afforded defendant in critical aspects of this case was meaningless rather than meaningful, and thus left defendant without fundamental constitutional protections.

Given the likelihood that defendant's confession should have been suppressed (see, Rhode Is. v Innis, 446 US 291, 301-302), the only evidence remaining implicating defendant is the testimony of the victim, a man with an extensive criminal record, including a conviction for "falsely reporting an incident". Because we cannot determine what credibility a jury would attach to his testimony, there is a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different (see, Strickland v Washington, 466 US 668, 693-694). Accordingly, a new trial is required.

Judgment reversed, on the law, and matter remitted to the County Court of Washington County for a new trial. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.